OWEN, Chief Judge.
In this Quo Warranto proceeding to determine the right to public office the relator was awarded a judgment of ouster against the respondent and the latter appeals.
Roy C. Baker, the duly elected Sheriff of Martin County was suspended by executive order dated May 17, 1972, issued by His Excellency, Rubin O’D Askew, Governor of the State of Florida, under the provisions of Article IV, Section 7(a), 1968 Constitution, F.S.A. Thereafter, Baker filed an Information in Quo Warranto naming Robert L. Crowder, the interim appointee of the office, as respondent. Baker was awarded the judgment of ouster against Crowder because the trial court found that the executive order suspending Baker did not allege sufficient jurisdictional facts upon which to predicate the charges of malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, and commission of a felony.
Appellant’s two points, which we will discuss seriatim, are (1) whether the executive order suspending Baker was deficient in setting forth sufficient facts to meet the necessary jurisdictional criteria for suspension, and (2) whether F.S. Section 951.22, F.S.A. (prohibiting the introduction of alcoholic beverages into a county jail) applies to the sheriff of the county.
The trial judge held, and we agree, that the suspension power under Article IV, Section 7(a), 1968 Constitution is essentially the same as that under Article IV, Section 15, 1885 Constitution, insofar as the jurisdictional requirements are concerned, and thus cases construing this provision of the 1885 Constitution control the present case. Both parties agree that the leading cases in this area are State ex rel. Hardie v. Coleman, 1934, 115 Fla. 119, 155 So. 129, and State ex rel. Hardee v. Allen, 1937, 126 Fla. 878, 172 So. 222.
The executive order of suspension first alleged that Roy C. Baker, as the elected sheriff of Martin County, Florida (an office which he had held continuously since January 6, 1953), was a “county officer” under the constitution and that as such officer he had a continuing duty to assist and cooperate with other state and local law enforcement agencies regarding criminal justice matters of mutual interest and concern. The suspension order then alleged the following:
“(E) That during his present term of office, the said Roy C. Baker gave express orders to his subordinates or by his conduct sanctioned and encouraged policies of the Office of Sheriff, Martin County, Florida, which without justification or excuse, substantially impeded the necessary exchange of criminal justice information and impeded cooperation between or among the Office of the Sheriff of Martin County and other state and local law enforcement agencies, viz., the Florida Highway Patrol, the Florida Department of Law Enforcement, the Stuart Police Department, and other lo *35 cal agencies, to the extent that the effectiveness of the Office of the Sheriff of Martin County as a law enforcement agency and the effectiveness of other agencies was substantially weakened.”
“(F) That during his present term of office, the said Roy C. Baker has performed official duties, to-wit: perfecting or attempting to perfect arrests, participating in felony investigations and supervising the conduct of inmates in the county jail, while he was intoxicated from voluntary consumption of alcoholic beverages.
“(G) That on or about January 15, 1970, Roy C. Baker permitted the introduction of an alcoholic beverage, to-wit: whiskey, into and on the premises of the County Jail, Martin County, Florida, and permitted and encouraged Timothy Pittman, then a prisoner incarcerated in jail, to consume said alcoholic beverages on the premises; and Roy C. Baker and Ronnie Summers, Assistant Jailer, who was in charge of the jail and security of prisoners therein, did consume said alcoholic beverages with and in the presence of said prisoner and on the premises of said county jail.
“(H) That the aforesaid facts constitute malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, or commission of a felony, as said terms are used in Section 7(a), Article IV, Florida Constitution, 1968 Revision.”
 The above-cited authorities hold that the allegation of fact contained in the executive order of suspension need not be as definite and specific as the allegations of an information or an indictment in a criminal prosecution, and the allegations will be adjudged as sufficient if, on the whole, they bear some reasonable relation to the charge made against the officer. We think the factual allegations here are so vague and indefinite as to fail even this less demanding test. Simple justice requires that there be at least enough specificity as to fairly apprise the accused officer of the alleged acts against which he must defend himself. Cf. State ex rel. Hawkins v. McCall, 1947, 158 Fla. 655, 29 So.2d 739.
In reference to the question of whether F.S. Section 951.22, F.S.A.[1] applies to a sheriff of a county, we agree with the trial court that by its expressed language the sheriff is excepted from the operation of the statute since it necessarily must be concluded that the sheriff authorizes his own voluntary conduct. Any weakness in the statute in this respect is a matter for legislative consideration.
Affirmed.
WALDEN, J„ concurs.
MAGER, J., dissents with opinion.

. “951.22 County jails; contraband articles.—
(1) It is unlawful except as duly authorized by the sheriff or officer in charge to introduce into or upon the grounds of any county jail or to give to or receive from any inmate of any county jail wherever said inmate is located at the time or to take or to attempt to take or send therefrom any of the following articles which are hereby declared to be contraband for the purposes of this act, to-wit : Any intoxicating beverage; any narcotic or hypnotic or excitive drug; any firearm or any instrumentality customarily used or which is intended to be used as a dangerous weapon; and any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county jail.
“(2) Whoever violates subsection (1) shall be deemed guilty of a felony, and upon conviction shall be punished by imprisonment for a term not exceeding two (2) years, or by a fine not exceeding one thousand ($1,000.-00) or by both such fine and imprisonment.”