QUESTIONS: 1. Can the governing body of a municipality enact a recall procedure setting forth grounds for removal in addition to those set forth in s. 1(1)(b), Ch. 74-130, Laws of Florida? 2. Must the allegations be substantiated at any point during the recall procedure, assuming sufficient grounds to begin the recall procedure are properly alleged as set forth in s. 1(1)(b), supra? 3. Does an elected official whose recall is sought have recourse to judicial review of the legal sufficiency of the facts alleged in support of the charge or charges upon which his recall is proposed?
SUMMARY: The governing body of a municipality appears to have the power to enact grounds for the recall of municipal officers in addition to the grounds provided in s. 1(1)(b), Ch. 74- 130, Laws of Florida. Establishment of the truth of the grounds alleged in a recall petition is not a prerequisite to holding a recall election. Although the courts will not rule on the truth or falsity of the charges against a municipal officer in a recall proceeding, the courts will review such proceedings to determine whether the facts alleged in support of the grounds for recall are sufficient to inform both the electorate and the officer whose recall is sought of the specific conduct on which the proceedings are based. AS TO QUESTION 1: Chapter 74-130, Laws of Florida [s.100.361, F.S. (1974 Supp.)], which creates a uniform procedure for the recall of the members of the governing bodies of municipalities and charter counties, provides as follows in s. 1(1)(b) [s. 100.361(1)(b)] respecting the grounds for recall: (b) The grounds for removal of municipal elected officials shall, for the purposes of this act, include the following: malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or the commission of a felony. (Emphasis supplied.) The usual meaning of the word include is "to place, list, or rate as a part or component of a whole or of a larger group, class, or aggregate" or "to take in, enfold, or comprise as a discrete or subordinate part or item of a larger aggregate, group, or principle. . . ." (Emphasis supplied.) Webster's Third New International Dictionary (unabridged), p. 1143. And it is a well-settled rule of statutory construction that "words of common usage, when used in a statute, should be construed in their plain and ordinary sense." Pedersen v. Green,105 So.2d 1 (Fla. 1958). Accord: Gaulden v. Kirk, 47 So.2d 567
(Fla. 1950); Gasson v. Gay, 49 So.2d 525 (Fla. 1950); American Bankers Life Assur. Co. of Fla. v. Williams, 212 So.2d 777 (1 D.C.A. Fla., 1968); Harper v. State, 217 So.2d 519 (4 D.C.A. Fla., 1969); AGO 058-276. Further, as noted in Argosy Limited v. Hennigan, 404 F.2d 14 (5th Cir. 1968): "The word `includes' is usually a term of enlargement, and not of limitation." United States v. Gertz, 9 Cir. 1957, 249 F.2d 662, 666. It therefore conveys the conclusion that there are other items includable, though not specifically enumerated by the statutes. Federal Land Banks of St. Paul v. Bismarck Lumber Co., 1941, 314 U.S. 95,62 S.Ct. 1, 86 L.Ed. 65, 70. On the basis of the foregoing authorities, I am of the view that the itemization of grounds for removal contained in s. 1(1)(b) of Ch. 74-130, supra, was not intended to be exclusive, but would admit of additional grounds for recall. Although the grounds enumerated in the statute are identical to those specified in Art. IV, s. 7, State Const., for the suspension and removal of state and county officers and seem to include all of the customary grounds for removal of elected officials, it would appear that the legislative body of a municipality has the power to enact an ordinance creating additional grounds for the recall of the members of the governing body of the municipality pursuant to the terms and procedures provided in Ch. 74- 130, supra. In reaching this conclusion I have not overlooked s. 1(10) of Ch. 74-130 [s. 100.361(10), F.S. (1974 Supp.)], which provides: (10) It is the intent of the Legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict. As noted in my letter to you of December 18, 1974, the language quoted above clearly manifests a legislative intent to make uniform the recall provisions of all municipalities in this state insofar as the subject matter of recall proceedings is regulated by the statute. However, the statute should not be read as a prohibition of municipal regulation of matters which are not regulated by the statute or matters which the language of the statute clearly leaves open to municipal regulation — for example, the manner of filling a vacancy which results from a recall proceeding against only one member, or the matter in question (establishing additional grounds for recall). Accordingly, question 1 is answered in the affirmative. AS TO QUESTION 2: Chapter 74-130, supra, provides that upon certification of the fact that the required number of signatures have been obtained on petitions prepared and circulated in the manner required by the act "the governing body shall fix a day for holding a recall election for the removal of those not resigning." The act does not require establishment of the truth of the grounds but rather makes the holding of the election mandatory upon compliance with the procedures established by the act. The general rule to be followed in such cases is stated at 11 Fla. Jur. Elections s. 154: The question whether or not certain officials have committed acts that subject them to recall is one of fact that the people and not the courts must determine. . . . In Hines v. Dozer, 134 So.2d 548 (3 D.C.A. Fla., 1961), the appellate court reversed a lower court order which had temporarily enjoined the holding of a recall election and concluded that where sufficient grounds are alleged in the recall petition . . . the court should not interpose its injunctive power to protect elected officials from their electorate. Cf. Dulaney v. City of Miami Beach, Fla. App. 1957,96 So.2d 550. The charter does not provide that the truth of the charges must be demonstrated before recall may be initiated. And in Tolar v. Johns, 147 So.2d 196 (2 D.C.A. Fla., 1962), it was noted that "the court should not pass on the truth or falsity of the charges, as this is a matter for the electorate to determine in an election." Accord: Gilbert v. Morrow, 227 So.2d 812 (1 D.C.A. Fla., 1973). On the basis of the foregoing authorities, I am of the view that the establishment of the truth of the grounds alleged in a recall petition is not a prerequisite to the holding of the election, as it is the people — through their vote at the recall election — who determine whether the grounds have been sufficiently established. AS TO QUESTION 3: The role of the courts with respect to the legal sufficiency of the facts alleged as a basis for seeking the recall of an elected official seems to be well established. Although, as noted above, the courts will not rule on the truth or falsity of the charges in a recall proceeding, the courts will review the legal sufficiency of the allegations against an officer whose recall is sought. The courts have expressed a concern that both the officer whose recall is sought as well as the members of the electorate who will be called upon to decide his fate should be advised of the facts which form the basis of the recall; beliefs, ideas, and conclusions are insufficient. As noted in Gilbert v. Morrow, supra, "the charges must allege sufficient facts to identify to the electors the acts or failure to act without justification which are urged as misconduct in office." Cf. Tolar v. Johns, supra. Accordingly, where a petition for recall merely states conclusions and is devoid of facts, the courts will lend their aid to the official whose recall is sought. Richard v. Tomlinson, 49 So.2d 798 (Fla. 1951); Gilbert v. Morrow, supra. Similarly, where a petition for recall alleges as its basis for the charges facts which, even if established, would not constitute misconduct in office, the courts will hold the petition insufficient. Joyner v. Shuman,116 So.2d 472 (2 D.C.A. Fla., 1959); Tolar v. Johns, supra; Piver v. Stallman, 198 So.2d 859 (3 D.C.A. Fla., 1967). By way of analogy, attention is also directed to the review accorded by the courts to the exercise of the Governor's suspension powers under our State Constitution which authorizes the Governor to suspend certain officers on grounds identical to those itemized in s. 1(1)(b) of Ch. 74-130, supra. In State ex rel. Hardie v. Coleman, 155 So. 129
(Fla. 1934), the court reviewed the sufficiency of the allegations in an executive order suspending a sheriff and concluded that . . . if the order names one or more of the grounds embraced in the Constitution and clothes or supports it with alleged facts sufficient to constitute the grounds or cause of suspension, it is sufficient. A mere arbitrary or blank order of suspension without supporting allegations of fact, even though it named one or more of the constitutional grounds of suspension, would not meet the requirements of the Constitution. Accord: State ex rel. Hardee v. Allen, 172 So. 222 (Fla. 1937). But cf. Crowder v. State,285 So.2d 33 (4 D.C.A. Fla., 1973).