MILLS, Judge.
Bass filed a declaratory judgment action against the Governor seeking a declaration that an executive order of suspension and an amended executive order of suspension were legally insufficient, and that the Governor did not have authority to amend an executive order of suspension. The trial court ruled adversely to Bass on both issues. Bass appeals contending that the trial court erred (1) by applying an incorrect standard for review of the suspension orders, (2) by holding the suspension orders sufficient, and (3) by holding the Governor had authority to amend a suspension order.
Bass was elected to the office of Highlands County Commissioner. Ten months later, the Governor issued an executive order suspending him from his office. The suspension order was based on allegations of operating a motor vehicle while under the influence of an intoxicating beverage on three different occasions and attending only twenty-five of forty-five commission meetings.
Fifty days later, the Governor issued an amended suspension order continuing the suspension of Bass, substantially realleging the charges of the original order, and alleging that Bass’ attendance and his representation of the citizens of his district were impaired by his severe and chronic alcoholism.
The Florida Senate has not as yet reviewed the executive suspension of Bass.
The correct standard for reviewing a suspension order is whether it contains allegations that bear some reasonable relation to the charge. If it does, it should be adjudged sufficient. State ex rel. Hardie v. Coleman, 115 Fla. 119, 155 So. 129 (1934). The trial court correctly applied the reasonable relation standard in reviewing the suspension orders in this case.
In both orders, Bass is charged with malfeasance, misfeasance, neglect of duty, drunkenness or incompetence. Article IV, Section 7(a), Florida Constitution. A suspension order is sufficient if it states one or more constitutional grounds and supports the statement with alleged facts sufficient to constitute grounds of suspension. State ex rel. Hardie v. Coleman, supra.
The original order alleges that Bass failed to attend twenty of forty-five commission meetings. The most important duty of a county commissioner is to attend commission meetings because this is the place where county business is discussed and concluded. It is the Governor’s constitutional responsibility to initially determine how many absences constitute neglect of duty.
The amended order alleges that Bass failed to attend nineteen of forty-five commission meetings and failed to represent the citizens of his district because of a severe and chronic alcoholic condition. Absences caused by severe and chronic alcoholism, coupled with three separate arrests for driving while under the influence of intoxicating beverages, establish a prima facie charge of drunkenness, incompetence and *147 neglect of duty. State ex rel. Hardie v. Coleman, supra.
The allegations of the orders bear a reasonable relation to the charges. Since each order contains a sufficient allegation of fact which supports at least one ground for suspension, it became the constitutional duty of the senate to review the charges and the evidence, and to determine if the evidence supports the charges.
We agree with the trial court that an executive suspension order has a twofold purpose. As he stated, it protects the people by providing a method of immediate suspension of an errant public official, and it protects the suspended official by informing him of the constitutional grounds of suspension so that he may prepare his defenses for presentation to the senate. As long as a suspended official is provided with adequate notice and a reasonable time within which to prepare his defenses, the Governor has the right to amend a suspension order. Bass was given adequate notice and a reasonable time to prepare his defenses after service of a copy of the amended suspension order on him. The amendment did not delay the senate hearing. Nor does Bass claim nor does he show that any prejudice has resulted to him because of the amendment to the suspension order.
The summary judgment entered in favor of the Governor and Phillips, whom the Governor appointed to replace Bass, is affirmed.
RAWLS, Acting C. J., and SMITH, J., concur.