ORDER VACATING STAY AND DISMISSING APPEAL
McCORD, Judge.
This is an appeal brought by Raymond R. Bruner, appellant, (respondent below) from the final order and public report of appel-lee, State of Florida Commission on Ethics, which was the culmination of a proceeding below under Part III of Chapter 112, Florida Statutes — the Code of Ethics for Public Officers and Employees. The final order *1340 made certain findings of fact and conclusions of law, and recommended a penalty. It would serve no useful purpose to here recite the details of the findings of the Commission. Suffice it to say that appellee Commission found that appellant, by his actions, violated § 112.313(6), Florida Statutes, by sexually harassing and by attempting to secure sexual favors from employees and applicants for employment of his office. The final order of appellee recommended that the Governor of the State of Florida suspend appellant from office as the Clerk of the Circuit Court of Jackson County, Florida.
On motion of appellant for a su-persedeas order staying the power of the Governor to suspend appellant from office pending the disposition of the appellate proceedings, this Court, on June 27, 1980, granted the motion pursuant to § 112.3241, Florida Statutes (1979). That section provides as follows:
Judicial review. — Any final action by the commission taken pursuant to this part shall be subject to review in a District Court of Appeal upon the petition of the party against whom an adverse opinion, finding, or recommendation is made. In any case in which the Governor, upon the recommendation of the commission, has the power to suspend an officer or employee, the court may enter a supersedeas order staying the power of the Governor to suspend pending the disposition of the appellate proceeding. However, this section shall not be construed to limit the Governor’s power to suspend a municipal official indicted for crime. (Emphasis supplied.)
On that same date, the Governor entered Executive Order No. 80-57 suspending appellant from office until further executive order, or as otherwise provided by law, and it was filed in the Office of the Secretary of State. There is conflict in the record before us as to whether or not the executive order was filed before or after this Court’s order of stay. Such, however, is immaterial to the disposition of the questions before us. Subsequently on the same date, appellant filed with this Court a motion for clarification and to set aside Executive Order No. 80-57. Appellee filed a response to that motion and a motion to vacate order of supersedeas. We thereafter, on July 1, 1980, heard oral argument of the parties pursuant to show cause order by which we directed the parties to show cause why our stay order should not be vacated, and we requested counsel to direct their arguments to the constitutionality of § 112.3241, Florida Statutes (1979), insofar as it authorizes this Court to stay the exercise of the Governor’s constitutional power. We further directed that the parties show cause why this appeal should not be dismissed as moot. Article IV, Section 7, of the Constitution of the State of Florida provides in pertinent part as follows:
(a) By executive order stating the grounds and filed with the secretary of state, the governor may suspend from office any state officer not subject to impeachment, any officer of the militia not in the active service of the United States, or any county officer, for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony, and may fill the office by appointment for the period of suspension. The suspended officer may at any time before removal by reinstated by the governor.
(b) The senate may, in proceedings prescribed by law, remove from office or reinstate the suspended official and for such purpose the senate may be convened in special session by its president or by a majority of its membership.
(c) * * *
The Governor’s power to suspend a public official under the Constitution is independent of, and may not be impinged upon by, a statute. While we recognize that it is the Court’s duty to avoid holding a statute unconstitutional if there is a construction which may be made of the statute which would render it constitutional, the statute in question here, insofar as it authorizes the Court to enter a supersedeas order staying *1341 the exercise by the Governor of his constitutional power pending the disposition of an appellate review of Chapter 112 proceedings, collides directly with the Governor’s constitutional power. Appellant argues that a court-ordered statutory stay does not conflict with the Governor’s constitutional power but merely postpones it for a period of time. Such postponement, however, impinges upon the Governor’s constitutional power and is, therefore, invalid. The following provision of § 112.3241, Florida Statutes (1979), is declared unconstitutional:
In any case in which the Governor, upon the recommendation of the commission, has the power to suspend an officer or employee, the court may enter a superse-deas order staying the power of the Governor to suspend pending the disposition of the appellate proceeding. However, this section shall not be construed to limit the Governor’s power to suspend a municipal official indicted for crime.
Holding as we do that the legislature’s grant to this Court of authority to stay the Governor’s constitutional power is invalid, we next consider the question of whether or not the Governor’s suspension of appellant has rendered this appeal moot. We find that it has. The order of respondent, which is before us for review, finds that grounds exist for the Governor to exercise his constitutional power to suspend appellant from office and recommends that the Governor take that action. Since the Governor now has exercised his constitutional authority by suspending appellant, the question of whether or not there was competent substantial evidence to support respondent Commission’s findings and recommendations is now moot. The Governor has determined that there are sufficient grounds for him to exercise his constitutional power of suspension, and, thus, under Article IV, Section 7, of the Constitution, the question of reinstatement of appellant rests in the hands of the Governor and the Senate under the procedure outlined by § 112.41, Florida Statutes (1979) — Part V. Proceedings below under Part III, Chapter 112, Florida Statutes (1979), insofar as they have terminated below with a recommendation that the Governor exercise his constitutional power to suspend appellant, were purely advisory. The Governor may suspend at any time. He may accept the Commission’s recommendations for suspension when made and suspend then, or he may await the result of appellate review. The Constitution places no restrictions upon him in such regard. The Governor’s suspension when made, however, shifts the forum from this Court to the Governor and the Senate. This appeal, therefore, has been rendered moot by the suspension of appellant.
The stay order entered by this Court on June 30, 1980, is vacated and the appeal is dismissed.
ROBERT P. SMITH, Jr. and BOOTH, JJ., concur.