415 So.2d 67 (1982)
Dr. Ambrose GARNER, Appellant,
v.
The FLORIDA COMMISSION ON ETHICS, Appellee.
No. AL-198.
District Court of Appeal of Florida, First District.
June 2, 1982.
*68 Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., and W. Reynolds Allen for Hogg, Allen, Ryce, Norton & Blue, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Patricia R. Gleason, Asst. Atty. Gen., and Philip C. Claypool, Staff Atty., Tallahassee, for appellee.
MILLS, Judge.
Garner appeals the trial court's denial of his motion for a preliminary injunction seeking to terminate proceedings before The Florida Commission on Ethics on two complaints against him and to enjoin the Commission from disclosing any of the materials connected with the proceedings. We affirm.
Two complaints were filed against Garner, President of Hillsborough Community College, alleging he misused his public position, contrary to Section 112.313(6), Florida Statutes (1981), by sexually harassing two female college employees. An additional allegation of the complaints charged that the acts of sexual harassment violated Section 112.313(2)(b), Florida Statutes (1981), which prohibits the solicitation or acceptance of gifts by public officers or employees.
After considering the complaints at an executive session, the Commission directed its staff to conduct an investigation of the charges. Following the investigation and submission of reports of investigation to the Commission, Garner was advised that the Commission was going to hold a "hearing to determine manner of disposition of complaint" (probable cause hearing) pursuant to Florida Administrative Code Rule 34-5.06.
Garner filed a motion seeking to dismiss the complaints, arguing the conduct alleged was not within the Commission's jurisdiction. Upon being informed the Commission would rule on his jurisdictional motions immediately before the scheduled probable cause hearing and then decide whether to proceed on the complaints, Garner filed the injunction action in the Leon County Circuit Court.
The trial court refused to enjoin the Commission's proceedings but did enter a stay enjoining the Commission from disclosing any material connected with the proceedings until Garner's appeal of his ruling could be resolved.
The trial court did not err in refusing to terminate the Commission's proceedings.
First, the conduct alleged in the complaints, misuse of public position to sexually harass and to attempt to obtain sexual favors from subordinate employees, falls within the jurisdiction of the Commission. Section 112.313(6), Florida Statutes, prevents a public official or employee from using his or her official position to secure a *69 special benefit, privilege, or exemption for himself or others. See Bruner v. Commission on Ethics, 384 So.2d 1339 (Fla. 1st DCA 1980), which notes the Commission has previously proceeded on complaints alleging sexual harassment. Garner seeks to transform these complaints into charges of sexual discrimination which would be within the jurisdiction of the Florida Human Relations Commission Act, Section 23.161, et seq. The complaints, however, allege sexual harassment, not sexual discrimination.
We find no merit in Garner's contention that Section 112.313(6), Florida Statutes (1981), is unconstitutionally vague. See Tenney v. Commission on Ethics, 395 So.2d 1244 (Fla. 2nd DCA 1981).
Likewise, his argument that Title VII of the Civil Rights Act, 42 U.S.C., Section 2000e, et seq., may preempt the Commission's jurisdiction is without merit. New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).
There was no error in the manner in which the Commission conducted its investigations before deciding to hold a probable cause hearing. As noted in Tenney, there is no requirement that Garner be afforded a full-blown adversary type proceeding before a determination of probable cause. "[The statute] requires the Commission inform the public official of the complaint, and it mandates that the Commission undertake an investigation before deciding the question of probable cause." Tenney, supra. The court in Tenney likened this investigation to that of a state attorney in preparing to file an information or a grand jury in determining whether to return an indictment. The Commission complied with its rules, the statutes, and the constitution in conducting its investigation.
Garner's argument that the disclosure of information in the Commission files after the probable cause hearing regardless of the Commission's finding, pursuant to Section 112.324(2), Florida Statutes (1981), violates his right to privacy is also without merit. The Florida Supreme Court held in a similar challenge to public disclosure that individual disclosural privacy rights did not outweigh the public's right to see such reports. Shevin v. Byron, Harless, Schaffer, Reid & Associates, Inc., 379 So.2d 633 (Fla. 1980).
Although the Fifth Circuit Court of Appeal has determined there is a federal constitutional right of disclosural privacy, a balancing standard rather than the compelling state interest standard is used to measure the challenged action. Fadjo v. Coon, 633 F.2d 1172 (5th Cir.1981). In this case, we hold that the public's right to see the Commission's files outweighs Garner's disclosural privacy rights. The Legislature, by way of Section 112.324(2), Florida Statutes, and the people of Florida, through Article II, Section 8(f) of the Constitution, have mandated that the Commission's reports on complaints be made public.
Garner's last argument is that he has been denied equal protection because Section 112.324(3), Florida Statutes (1981), requires that complaints and investigatory materials concerning legislators and impeachable officers be kept confidential when no probable cause is found, but complaints and investigatory materials concerning lesser public officials like himself are disclosed regardless of the finding by the Commission. We are not persuaded by this argument.
The constitution controls over a statute when the two are in conflict. Gray v. Moss, 115 Fla. 701, 156 So. 262 (1934). Article II, Section 8(f) and (h) require that the Commission make public reports on all complaints. We are confident that the Commission will perform its duties as mandated by the constitution. Garner has not been denied equal protection. The protections and procedures provided by the Florida Constitution and statutes have been provided Garner.
The trial court's order denying Garner's petition for a preliminary injunction is affirmed.
SHIVERS and WIGGINTON, JJ., concur.