LEHAN, Judge.
Complaints were filed with the Florida Commission on Ethics (the “Commission”) against appellant alleging that he corruptly used or attempted to use his official position as president of Hillsborough Community College to sexually harass or obtain sexual favors from various female subordinate personnel and that such behavior constituted a violation of section 112.313(6), Florida Statutes (1981). After finding that the complaints were legally sufficient, conducting an investigation, finding probable cause to proceed, and charging appellant with five instances of the foregoing conduct, the Commission conducted an extensive hearing. Following that hearing, the Commission entered a final order which contained findings of fact and law sustaining the charges and which recommended that appellant be suspended from office for three months. In re Ambrose Garner, 5 F.A.L.R. 105-A (Jan. 24, 1983). Appellant appeals that order of the Commission. We affirm.
One of appellant’s contentions on appeal is that section 112.313(6) is unconstitutional as applied in this case. Appellant previously raised the issue of the constitutionality of that section by reason of asserted vagueness when he sought injunctive relief to prevent the Commission from proceeding on the complaints filed against him. The Circuit Court of the Second Judicial Circuit denied injunctive relief, and the First District Court of Appeal affirmed. The First District found that the allegations against appellant were within the jurisdiction of the Commission under section 112.313(6) and that section 112.313(6) is not unconstitutionally vague. Garner v. Florida Commission on Ethics, 415 So.2d 67 (Fla. 1st DCA 1982), pet. for review denied, 424 So.2d 761 (Fla.1983). We have carefully considered appellant’s arguments to the contrary but believe that that determination by the First District, which became the law of this case, is not incorrect and that section 112.313(6) was not unconstitutional as applied.
Section 112.313(6) provides that “No public officer or employee of an agency shall corruptly use or attempt to use his official position ... to secure a special privilege, benefit, or exemption for himself or others.” Section 112.313(7) defines “corruptly” as “done with a wrongful intent and for the purpose of obtaining ... any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his public duties.”
Appellant contends that the statute did not give adequate notice that sexual harassment, with which he was charged, was prohibited; that the statute is intended to cover only economic benefit; and that, since there were no adverse job-related effects upon employees who were allegedly subjected to Appellant’s conduct, a requisite nexus between the alleged conduct and such effects was not shown. However, the charges included the obtaining of sexual favors, which we cannot say are not “any benefit” within the generally understood meaning of the term and the receipt of which was, in this context within the foregoing definition of “corruptly,” inconsistent with the performance of official duties. Also, no legislative intent to restrict the reach of the statute to economic benefits appears. See Tenney v. Commission on Ethics, 395 So.2d 1244 (Fla. 2d DCA 1981). In addition, the statute does not specifically require that as a result of a public officer’s efforts to obtain a benefit from an employee, that employee will necessarily be impacted in any particular way. In any event, appellant’s conduct was shown to have been incident to appellant’s official position; as to one of the incidents there was evidence which, while strongly contested, could have supported a finding that the uncooperative recipient of sexual advances lost her job as the result of that lack of cooperation.
Pursuant to section 120.68, Florida Statutes (1981), we have reviewed the record and the Commission’s order which found that the alleged conduct occurred in the five alleged instances and that various other instances of that type of conduct had previously occurred. We cannot hold that there was not competent substantial evi *896 dence in the record to support the findings of the Commission, specifically the finding that the alleged acts constituted use of appellant’s official position to obtain benefits inconsistent with the proper performance of his official duties.
We have also considered appellant’s other contentions and find them to be without merit.
AFFIRMED.
DANAHY, A.C.J., and CAMPBELL, J., concur.