MILLS, Judge,
dissenting:
I dissent.
Florida State University appeals the Commission’s order granting Tucker a directed verdict based on its finding that Florida State University’s predetermination letter advising Tucker of the charges against him did not meet the due process requirements of Section 110.227(5)(a), Florida Statutes (1981); Rule 22A-10.042(3)(b), Florida Administrative Code; State ex rel. Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739 (1947); and Bass v. Askew, 342 So.2d 145 (Fla. 1st DCA 1977) (R. 69-78).
Although the predetermination letter is poorly worded and nonspecific in its allegations, the Commission erred in not allowing Florida State University an opportunity to prove that the signed affidavits of witnesses, which were referenced in the predetermination letter, did not cure the deficiencies in the letter.
*39 I would reverse and remand with directions that the Commission conduct an evidentiary hearing to determine whether the signed affidavits were available for Tucker’s inspection and, if available, whether the signed affidavits together with the allegations in the predetermination letter adequately apprised Tucker of the charges against him.