Mr. Burt L. Saunders Collier County Attorney Collier County Courthouse Building "F" Naples, Florida 33962-4976
Dear Mr. Saunders:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 IS THE COUNTY COMMISSION OF COLLIER COUNTY, A NONCHARTER COUNTY, AUTHORIZED TO ESTABLISH GUIDELINES BY RESOLUTION OR ORDINANCE CONCERNING THE ATTENDANCE OF MEETINGS BY COUNTY COMMISSIONERS AND TO SET FORTH A PROCEDURE FOR REMOVAL OF A COMMISSION MEMBER FROM THE BOARD OF COUNTY COMMISSIONERS FOR FAILURE TO ATTEND A CERTAIN NUMBER OF CONSECUTIVE COMMISSION MEETINGS?
Chapter 125, F.S., implementing provisions of s 1(f), Art. VIII, State Const., states that the legislative and governing body of a county shall have the power to carry on county government and that, to the extent not inconsistent with general or special law, such power shall include (but not be limited to) the power to, among other things, "[a]dopt its own rules of procedure, select its officers, and set the time and place of its official meetings." Section 125.01(1)(a), F.S.
Section 125.01(1), F.S., grants to the governing body of a county the full power to carry on county government. Unless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body, by reason of the language of s 125.01(1), F.S., has full authority to act through the exercise of home rule power. See, Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978). I am not aware of, nor have you brought my attention to, any provision of general or special law which would preempt to the state the subject of regulating the attendance of meetings by county commissioners. Thus, it would appear that, in the exercise of its home rule powers and in light of the provisions of s 125.01 authorizing the legislative and governing body of the county to establish rules of procedure, the Board of County Commissioners of Collier County may establish guidelines for the attendance of county commission meetings by the members thereof. However, while the legislative body of a noncharter county appears to possess the authority to establish guidelines for the attendance of county commission meetings by county commissioners, for the following reasons I am of the opinion that such a body does not possess the authority to prescribe a procedure for removal of a commission member from the board for failure to attend a certain number of consecutive commission meetings.
The election of county commissioners, the term of their office, and their qualifications for office are set forth in s 1(e), Art. VIII, State Const. Section 7, Art. IV, State Const., makes provision for the suspension and removal from office of county commissioners and provides conditions or grounds for such suspension and removal:
 (a) By executive order stating the grounds and filed with the secretary of state, the governor may suspend from office . . . any county officer, for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony, and may fill the office by appointment for the period of suspension. The suspended officer may at any time before removal be reinstated by the governor.
 (b) The senate may, in proceedings prescribed by law, remove from office or reinstate the suspended official and for such purpose the senate may be convened in special session by its president or by a majority of its membership.
Section 7(a)-(b), Art. IV, State Const.
Part V, Ch. 112, F.S., prescribes the procedures for disposition of executive orders of suspension and the removal or reinstatement of any such suspended county officers as provided in s 7(b), Art. IV, State Const. No other constitutional provisions control the election of county commissioners, their terms of office, or their suspension and removal from office. It is beyond the legislative power to provide for the suspension and removal of elected county commissioners in any manner other than that provided by the Constitution. In re Investigation of Circuit Judge, 93 So.2d 601,604 (Fla. 1957). Cf., Wilson v. Newell, 223 So.2d 734 (Fla. 1969), holding that a statute prescribing qualifications for the office of county commissioner in addition to those prescribed by the Constitution was unconstitutional and invalid; State ex rel. Askew v. Thomas, 293 So.2d 40, 42 (Fla. 1974). And see, Bruner v. State Commission on Ethics, 384 So.2d 1339, 1340 (1 D.C.A.Fla., 1980), wherein it is stated that the Governor's power to suspend a public official under the Constitution is independent of, and may not be impinged upon by statute. The power to suspend commissioners on specified grounds is placed in the chief executive officer alone, pursuant to s 7(a), Art. IV, State Const., and the power so conferred is exercised by executive order stating the grounds therefor and filed with the Secretary of State. The power to remove such officials based on the charges made in the executive order of suspension is vested in the Senate alone, s 7(b), Art. IV, supra. And see, AGO 76-51. Cf., s 3, Art. X, State Const., which provides that a vacancy in office occurs upon the creation of an office, upon the death of the incumbent or his or her removal from office, resignation, succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed and upon failure of the person elected or appointed to office to qualify within 30 days from the commencement of the term; and Ch. 114, F.S., setting forth statutory provisions regarding a vacancy in office, particularly s 114.04, F.S., which provides that, except as otherwise provided in the state Constitution, the Governor shall fill any vacancy in a state, district or county office by appointment.
Under the principle that the express mention of one thing is the exclusion of another, expressio unius est exclusio alterius, no authority other than those designated in the Constitution may exercise such power of suspension or prescribe any grounds therefor, provide for any form or manner of suspension other than that prescribed in s 7(a), Art. IV, State Const., or provide for any other action or proceedings preliminary to or leading to the removal from office of an elected county commissioner. See, In Re Advisory Opinion of Governor Civil Rights, 306 So.2d 520
(Fla. 1975); also see, State ex rel. Judicial Qualifications Commission v. Rose, 286 So.2d 562 (Fla. 1973); and Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973), applying this principle to other constitutional provisions. Where the Constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different manner, and the manner prescribed is exclusive and beyond the reach of the legislative power. In Re Advisory Opinion of Governor Civil Rights, supra, at p. 523, and cases therein cited; State v. Coleman, 155 So. 129 (Fla. 1934); Amos v. Mathews, 126 So. 308
(Fla. 1930).
In the case of Bass v. Askew, 342 So.2d 145 (1 D.C.A.Fla., 1977), the court determined that it is the constitutional responsibility of the Governor to make the initial determination of how many absences of a public officer from public meetings he is obligated to attend would constitute neglect of duty. In that case an elected Highlands County Commissioner was suspended from office by executive order of the Governor based upon allegations that the commissioner failed to represent the citizens of his district because of a severe and chronic alcoholic condition and that he attended only 19 of 45 commission meetings. The court upheld the commissioner's suspension by the Governor, stating:
 The most important duty of a county commissioner is to attend commission meetings because this is the place where county business is discussed and concluded. It is the Governor's constitutional responsibility to initially determine how many absences constitute neglect of duty. Bass v. Askew, supra, at 146.
In sum, it is my opinion that while the County Commission of Collier County, is authorized to establish guidelines concerning the attendance of meetings by county commissioners and other rules of procedure pursuant to s 125.01(1), F.S., and s 1(f), Art. VIII, State Const., the county commission possesses no authority to set forth or prescribe a procedure for removal of a commission member from the board for failure to attend a certain number of consecutive commission meetings.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General