Abbey G. Hairton General Counsel School Board of Palm Beach County
QUESTION:
1. May information compiled during an investigation of certain departments in the school district be kept confidential until the conclusion of the investigation?
2. May the school board meet in closed session when considering confidential or exempt information?
3. Is it a violation of the Code of Ethics for a school board member to release confidential information?
SUMMARY:
1. Documents or records containing information compiled by school board employees during an investigation of school district departments are public records and are subject to disclosure in the absence of a statutory exemption.
2. Meetings of the district school board at which confidential or exempt material is discussed are subject to the Government in the Sunshine Law in the absence of a specific statute exempting such meetings from s. 286.011, F.S.
3. Questions regarding the applicability of the Code of Ethics must be referred to the Commission on Ethics.
AS TO QUESTION 1:
According to your letter, the School Board of Palm Beach County has voted to initiate an investigation of certain school district departments. The board, however, does not wish to discuss the documents being reviewed by district investigators during the course of the investigation.
"Public records" has been broadly defined for purposes of Ch. 119, F.S., the Public Records Law, to include records or documents made or received by an agency during the transaction of official business.[1] Section 119.07(1), F.S. (1990 Supp.), establishes the public's right of access to public records in clear and unequivocal terms.
Pursuant to s. 119.07(3)(a), F.S. (1990 Supp.), only those public records provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the mandatory inspection and copying provisions of s. 119.07(1), F.S. (1990 Supp.). Therefore, in the absence of a specific legislative exemption, investigative records made or received by public agencies are open for public inspection pursuant to Ch. 119, F.S.[2]
You refer to s. 231.291, F.S. (1990 Supp.), as providing a possible statutory basis for withholding the documents generated or received by district investigators. That statute provides in part that a complaint, and any material relating to the investigation of a complaint, against a public school system employee is confidential and exempt from s. 119.07(1), F.S. (1990 Supp.), until the conclusion of the preliminary investigation or until such time as the investigation ceases to be active.
The provisions of the statute, thus, apply when a complaint against a district employee has been filed and an investigationof the complaint against the employee ensues. You have not provided this office with any information that the investigation was initiated by, and relates to, a complaint against a school system employee. The exemption provided by s. 231.291, F.S. (1990 Supp.), would not appear to be applicable when a general investigation of various school departments is initiated unrelated to a specific complaint against a school employee.[3]
Should, however, a complaint against a school employee be filed during the investigation, the information relating to the investigation of the complaint against the employee would appear to be subject to the provisions of s. 231.291, F.S. (1990 Supp.).
You also refer s. 119.07(3)(n), F.S. (1990 Supp.), which establishes a narrow exemption for certain work product of agency attorneys. This statute provides a limited exception for records prepared by, or at the express direction of, an agency's attorney which reflect a mental impression, conclusion, litigation strategy or legal theory of the attorney or agency. Such records must have been prepared exclusively for civil or criminal litigation or adversarial administrative proceedings, or in anticipation of imminent litigation or proceedings. If the above criteria are met, the records are exempt from disclosure until the conclusion of the litigation or proceedings.
The exemption provided in s. 119.07(3)(n), F.S. (1990 Supp.), however, does not create a blanket exception to the Public Records Law for all attorney work product. It is limited to documents reflecting a mental impression, conclusion, litigation strategy or legal theory prepared by an agency attorney, or at his or her express direction, exclusively for actual or imminent
litigation or adversarial administrative proceedings. The exemption would not appear to be applicable to documents generated or received by school district investigators, acting at the direction of the school board to conduct an investigation of certain school district departments.
Section 119.07(3)(d), F.S. (1990 Supp.), provides an exemption from the disclosure provisions of s. 119.07(1), F.S. (1990 Supp.), for active criminal investigative or intelligence information collected by a criminal justice agency. "Criminal intelligence information" is defined to mean information concerning "an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, present, or monitor possible criminal activity."[4] Such information is "`active' as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities."[5]
"Criminal investigative information" is defined to mean information relating to "an identifiable person or group of persons complied by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission . . . ."[6] Such information is considered active as long as it is related to "an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future."[7]
You state that if the investigators believe that criminal activity may have occurred, the Florida Department of Law Enforcement will be contacted at that time to participate in the investigation. From the information supplied to this office, it appears that the investigation in question is a general inquiry into suspected criminal activities. While the investigation may lead to a criminal investigation,[8] the inquiry would not at this point appear to qualify either as criminal investigation of a specific act or omission or as intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities. Thus, the exemption provided in s. 119.07(d), F.S. (1990 Supp.), would not appear to be applicable at the present time.
Therefore, I am of the opinion that documents or records containing information compiled by school board employees during an investigation of school district departments are public records and are subject to disclosure in the absence of a statutory exemption.
AS TO QUESTION 2: This office in AGO 91-45 recently stated that a meeting of a district school board at which confidential or exempt material is being discussed is subject to the Government in the Sunshine Law in the absence of a specific exemption to s. 286.011, F.S. This conclusion was based upon s. 119.07(5), F.S., as amended by s. 1, Ch. 91-219, Laws of Florida, which states:
 An exemption from [s. 119.07] does not imply an exemption from or exception to s. 286.011. The exemption from or exception to s. 286.011 must be expressly provided.[9]
In light of the revision to s. 119.07(5), F.S. 1991, which constitutes the latest expression by the Florida Legislature on this issue, this office concluded that exceptions to or exemptions from Ch. 119, F.S., do not allow a public agency to close a meeting in which the exempt or confidential material is to be discussed in the absence of a specific exemption to s. 286.011, F.S.
As discussed in the previous question, s. 231.291, F.S. (1990 Supp.), makes the complaint and any material relating to the investigation of a complaint against a public school system employee confidential and exempt from s. 119.07(1), F.S. (1990 Supp.), until the conclusion of the preliminary investigation or until such time as the investigation ceases to be active.[10]
The exemption from the public records law, not from s. 286.011, F.S. Similarly, the exemption for attorney work product set forth in s. 119.07(3)(n), F.S. (1990 Supp.), is an exemption from the disclosure requirements of s. 119.07(1), F.S. (1990 Supp.): the statute does not contain an exemption from s.286.011, F.S.[11]
Accordingly, meetings of school board at which confidential or exempt material is discussed are subject to the Government in the Sunshine Law in the absence of a statute exempting such meeting from s. 286.011, F.S.[12]
AS TO QUESTION 3:
You ask whether an ethics complaint may be filed against an individual school board member who disclosed confidential information to the public. Any question as to whether the disclosure of confidential material constitutes a violation of the Code of Ethics must be resolved by the Commission on Ethics.[13]
However, as discussed in Question One, it appears that the investigative records generated or received during the investigation of various departments in the school district would not be confidential at this point in time.[14]
RAB/tjw
[1] See, s. 119.011(1), F.S., defining "[p]ublic records" to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transactio of official business by any agency"; and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980). And see, s. 119.011(2), F.S., defining "Agency" to mean "any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[2] See, e.g., Caswell v. Manhatten Fire and Marine Insurance Co., 399 F.2d 417 (5th Cir. 1968) (certain investigative records of State Insurance Commissioner ordered to be produced for public inspection under Ch. 119, F.S.); andsee, Wait v. Florida Power and Light Company, 372 So.2d 420
(Fla. 1979) (only the Legislature can create exceptions to the Public Records Law).
The disclosure of records of investigative proceedings is not violative of constitutional privacy rights. See, Garner v. Florida Commission on Ethics, 415 So.2d 67 (1 D.C.A. Fla., 1982),petition for rev. denied, 424 So.2d 761 (Fla. 1983) (public's right to view commission files prepared in connection with investigation of alleged violations of code of Ethics outweighs individual's disclosural privacy rights); Michel v. Douglas,464 So.2d 545, 546 (Fla. 1985).
[3] See generally, Seminole County v. Wood,512 So.2d 1000 (5 D.C.A. Fla., 1987), petition for rev. denied,520 So.2d 586 (Fla. 1988); Tribune Co. v. Public Records,493 So.2d 480 (2 D.C.A. Fla., 1986), petition for rev. denied sub nom., Gillum v. Tribune Co., 503 So.2d 327 (Fla. 1987); and Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (4 D.C.A. Fla., 1985),petition for rev. denied, 488 So.2d 67 (Fla. 1986), stating that the Public Records Law is to be liberally construed in favor of open government and that exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.
[4] Section 119.011(3)(a), F.S.
[5] Section 119.011(3)(d)1., F.S.
[6] Section 119.011(3)(b), F.S.
[7] Section 119.011(3)(d)2., F.S.
[8] This office has previously been advised that Ch. 81-464, Laws of Florida, authorized the Palm Beach County School Board, upon recommendation of the superintendent, to appoint "special security officers for the protection and safety of school personnel, property and students within the school district." Each such officer has district-wide powers of arrest for any violation of law on school board property and has the authority to carry a weapon while performing his duties. Such security officers must meet the educational and training standards established by the Criminal Justice Standards and Training Commission in the Florida Department of Law Enforcement. In light of the above, this office in AGO 91-39 stated that the special security officers employed by the board could be considered to be law enforcement officers.See, s. 119.011(4) F.S., defining "[c]riminal justice agency" to mean:
[A]ny law enforcement agency, court, or prosecutor. The term also includes any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation or prosecution or for the purpose of litigation civil actions under the Racketeer Influenced and Corrupt Organization Act, during the time that such agencies are in possession of criminal intelligence information or criminal investigative information pursuant to their criminal law enforcement duties.
[9] And see, title to Ch. 91-219, Laws of Florida, providing "[a]n act relating to public records and meetings; amending s. 119.07, F.S.; providing that exemptions from the public records law do not imply exemptions from or exceptions to the public meeting law . . . ."; Staff Analysis, Committee on Governmental Operations, Florida House of Representatives, March 28, 1991 ("public records law would be amended to clarify that an exemption from the public records law does not also create an exemption from the public meetings law").
[10] And see, s. 231.291(3)(a)2., 3., 4., and 5., F.S. (1990 Supp.), providing limited exemptions for employee evaluations derogatory material, payroll deduction records, and employee medical records.
[11] Cf., Neu v. Miami Herald Publishing Company,462 So.2d 821 (Fla. 1985) (consultations between legal counsel and public board are not exempt from s. 286.011, F.S.).
[12] And see, AGO 74-84; Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973) (Sunshine Law applicable to investigative inquires of public boards or commissions; fact that meeting concerns alleged violations of laws or regulations does not remove it from the scope of statute).
[13] See, s. 112.322(3), F.S.
[14] Cf., Doe v. Gonzalez, 723 F. Supp. 690 (S.D.Fla., 1988), affirmed, 886 F.2d 1323 (11th Cir. 1989) (s.112.317[6], F.S., making it a first degree misdemeanor to disclose the intent to file a complaint with the Ethics Commission, or the existence or contents of such a complaint, before it becomes a public record is unconstitutional).
[15] Cf., Williams v. City of Mineola, 575 So.2d 683
(5 D.C.A. Fla., 1991), in which the court held that the custodian of public records is not immunized from tort liability for intentionally communication public records or their contents to person outside the agency which is responsible for the records unless the person inspecting the records has made a bona fide request to inspect the records or the communication is necessary to the agency's transaction of its official business.