STURGIS, Judge.
W. T. Edwards Hospital, a state agency, seeks certiorari to review an order of the Florida Industrial Commission affirming in part and modifying in part an order of the Deputy Commissioner in a workmen’s compensation case wherein Frank T. Rakestraw was awarded compensation for injuries suffered in an affray with one Cecil Stover, a fellow employee.
The Deputy Commissioner found, inter alia, 1) that the altercation had its origin in an argument or discussion concerning two fellow employees; 2) that the argument was unrelated to the employer’s business; 3) that claimant was not the aggressor; 4) that the altercation took place on the employer’s premises while the claimant was on duty. These findings were affirmed by the Full Commission on the theory that the so-called “positional-risk” doctrine applied to the affray.
The deputy further found that due to the injuries received, the claimant was temporarily disabled from February 5, 1958, through March 5, 1958. The effect of this *803 finding was to disallow disability benefits for a period of time during which the claimant was suspended from employment because of the employer’s dissatisfaction with his role in the transactions that led up to the affray. The Full Commission ruled that the employee was entitled to compensation for the full period.
It appears that on the day prior to the affray the respondent Rakestraw, who was employed as a mechanical engineer and was the superior of one Cecil Stover, a fellow employee, became engaged with Stover in a discussion as to whether one Henry Willis, also a fellow employee, was in duty or honor bound to indemnify a third person, one Echols, for the loss of the latter’s automobile which was accidentally destroyed by fire while in the custody of Willis at his home where the latter, during time off from petitioner’s employ, had been doing repair work on the automobile. Rakestraw expressed the opinion that Willis was under no obligation to indemnify Echols for the loss, while Stover voiced the opposite view. Unfortunately, Willis learned of Stover’s opinion and later that day came in contact with Stover, to whom he proceeded to make it known that he very definitely concurred with Rakestraw’s view on the subject. It does not appear what progress, if any, was made by Willis toward securing a reversal of Stover’s opinion. It is apparent, however, that Stover became convinced that Rakestraw had been carrying coals to Newcastle instead of pouring oil on the troubled waters. In any event, while Willis was engaged in enlightening Stover with his attitude on the issue of liability, engineer Rakestraw happened to come strolling by and was seen by Stover who called out to him to come over, apparently with the hope that Rakestraw would provide some sort of balm to Willis’ wounded feelings. Rake-straw, however, refused to heed the call and proceeded on his way.
The next morning Stover came upon Rakestraw in the boiler room of the hospital and, being incensed over the affairs of the previous day, was the aggressor in an assault upon Rakestraw, resulting in the injuries for which disability benefits were allowed. The employer, being displeased with both parties to the affray, suspended both from employment. Rakestraw’s application for reinstatement was denied and he then filed the subject claim for compensation.
The key to the question of whether Rakestraw suffered a compensable injury .lies in the fact, as found by the deputy and supported by the evidence, that he was not the aggressor in the altercation. This, rather than the “positional-risk” doctrine, is the criterion upon which we conclude, under the authority of United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741, that there was no error in the ultimate holding of the Full Commission by which the finding of the deputy on that subject was affirmed.
The “positional-risk” doctrine, discussed by Larson in his treatise, “Workmen’s Compensation Law,” Section 11.16, Vol. 1, at pages 130, 131, is founded on the existence of work conditions of a type that are not shown to be present in the case on review. It does not appear that the involved employees were placed under an unusual strain by reason of the mechanical or human impacts of the type of work they were performing, work of a character that in good reason and according to experience is likely to produce frictions that explode in various ways, including affrays with fellow employees, and some of which are not immediately relevant to the employees’ tasks. The “positional-risk” doctrine should not be applied unless the facts clearly support it. There is no reason to strain for application of a doctrine so remote when, as in the case on review, the injury occurs during work hours and is the result of an unprovoked assault by a fellow employee who.was the aggressor.
We agree with the Full Commission that the Deputy Commissioner erred in refusing to allow the payment of compensation for a portion of the period during *804 which claimant Rakestraw was suspended from employment. No action by the employer, disciplinary or otherwise, can operate to deprive an employee of workmen’s compensation benefits to which he is entitled as a result of an injury arising out of and in the course of his employment.
Certiorari is denied.
WIGGINTON, C. J., and MOODY, JAMES S., Associate Judge, concur.