391 So.2d 326 (1980)
SAN MARCO COMPANY, INC.; Liberty Mutual Insurance Co., Appellants,
v.
Barney Louis LANGFORD, Appellee.
No. SS-244.
District Court of Appeal of Florida, First District.
December 16, 1980.
Bernard J. Zimmerman and Jose R. Rodriguez of Akerman, Senterfitt & Eidson, Orlando, for appellants.
John DeM. Haines of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellee.
PER CURIAM.
The employer/carrier appeals the order of the deputy commissioner finding that the claimant, on September 12, 1978, suffered a compensable accident arising out of and in the course of his employment when he was shot during working hours on the employer's premises by a fellow employee.
The claimant is a dragline operator who lived in the assailant's home when he was working in the Orlando, Florida area. On the evening prior to the shooting, the claimant and his assailant, Edward Meeks, had dinner together at which time Meeks, who was in a belligerent mood, expressed dissatisfaction with his employers and accused the claimant of owing him rent. The claimant paid for both meals, and waited for Meeks in his truck. Meeks came out of the restaurant, got into the truck, got back out of the truck, walked to the rear of a building and disappeared into the night. The claimant next saw Meeks moments before he was shot. Ronald Culpepper, the employer's foreman, testified that on the morning of the 12th, Meeks called in to report that he would not be in to work that day. Later, however, he was seen by Culpepper approaching the building with a shotgun. Culpepper, who had been made aware of the previous evening's argument, told the claimant to go out the back door. Meeks called the claimant by name twice and shot him as he attempted to leave. Other employees sitting around in the office left leaving Culpepper and Terry Wallace facing Meeks. Wallace took flight giving Culpepper an opportunity to throw a fan at Meeks. A scuffle ensued and Culpepper gained control of the gun. It was at this point that Meeks told Culpepper that he had another gun and that he was going to get him. Meeks later told Deputy Sheriff Fred Mack who investigated the shooting that the claimant owed him money and had drawn a knife on him. He stated that he would kill anyone who drew a knife on him and that it was his intention to blow the claimant's brains out, if he could.
First off, we agree that the claimant was not the aggressor. This, however, is not the deciding factor for there remains the question of whether the shooting arose out of the employment. Professor Larson,[1] in his treatment of the subject states:
When the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic *327 or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test.
* * * * * *
When it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable even in states fully accepting the positional-risk test, since that test applies only when the risk is "neutral."
It is clear to this court that the assault in this instance was the result of personal animosity. We find no competent substantial evidence to the contrary. The shooting occurred as a result of Meeks' personal feud with the claimant. That it occurred on the premises of the employer was merely fortuitous.
The order of the deputy commissioner dated October 23, 1979, is reversed and the claim is dismissed.
ROBERT P. SMITH, Jr., and SHAW, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
Claimant was the victim of an unprovoked assault while he was on the job. The assailant, a fellow employee, also attempted to shoot the job superintendent. Further testimony was that the assailant, employed for many years by this employer, had a serious drinking problem and was seen in a heavily intoxicated condition a few hours prior to the assault. The assailant testified that he did not remember going to the job site and that his drinking was the cause of the assault. The Deputy found that claimant did not provoke the assault and that his injuries were compensable.
In W.T. Edwards Hospital v. Rakestraw, 114 So.2d 802 (Fla. 1st DCA 1959), claimant and a fellow employee became involved in an argument unrelated to the employer's business; and this led, on the following day, to the fellow employee assaulting claimant on the job. The Deputy found that the assault was unprovoked by the claimant. In upholding the finding of compensability, this court held (114 So.2d at 803):
The key to the question of whether Rakestraw suffered a compensable injury lies in the fact, as found by the deputy and supported by the evidence, that he was not the aggressor in the altercation. This, rather than the "positional-risk" doctrine, is the criterion upon which we conclude, ... that there was no error in the ultimate holding of the Full Commission by which the finding of the deputy on that subject was affirmed. (emphasis theirs)
The finding of the Deputy that claimant did not provoke the assault and that he was entitled to workmen's compensation benefits is supported by competent substantial evidence and should be affirmed.
I respectfully dissent.
NOTES
[1] 1 A. Larson, The Law of Workmen's Compensation, § 11.21 (1978).