THOMPSON, Judge.
The appellants challenge a workers’ compensation Order, contending that the claimant’s injury did not arise out of his employment. We agree and reverse.
In March 1980, the claimant was employed by the appellant Ivy H. Smith Company (“the Company”). The claimant, along with two other employees, lived in Ocala but worked on a construction site in Brevard County. He would drive himself and his two coemployees to the job site, leaving Ocala on Monday morning and returning there on Friday night. The company did not provide any compensation for the costs of this travel.
The claimant had an agreement with one of his co-employees whereby that co-employee was to pay the claimant $15.00 a week for transportation between Ocala and the job site. When returning to Ocala one Friday night, the claimant told the co-employee that he would not transport him to the job site on Monday morning because the co-employee had not paid him $15.00. On Monday morning, the claimant did not pick up this co-employee when he traveled to the job site. Later that morning, the co-employee appeared at the job site and assaulted the claimant with a weapon, causing an injury to his shoulder. The Deputy Commissioner found that this injury was com-pensable.
In San Marco Co., Inc. v. Langford, 391 So.2d 326 (Fla. 1st DCA 1980), this court discussed the appropriate test for determining if an assault and its accompanying injuries arise out of employment. We stated that:
[w]hen it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or facilitating the assault, the assault should be held noncompensable. . . .
Id. at 327, quoting 1A Larson, The Law of Workmen’s Compensation, § 11.21 (1978). In this case, the apparent origin of the assault was.a purely private and personal agreement relating to a car pool arrangement. That arrangement was not a part of employment, as is clear from George v. Woodville Lumber Co., 382 So.2d 802 (Fla. 1st DCA 1980), where this court affirmed the denial of compensation to an employee who was injured while transporting two co-employees to work in a car pool arrangement that was very similar to the one at bar.
In the present case, the claimant’s employment contributed nothing to the assault —instead, the basis for that assault was a car pool arrangement that was not a part of employment. Therefore, the claimant did not sustain an injury arising out of employment, and his claim for compensation should have been denied.
The Deputy Commissioner’s Order is reversed, and this cause is remanded for discharge. In view of our holding, we need not address the other issue raised by the appellants.
ROBERT P. SMITH, Jr., C. J., and JOA-NOS, J., concur.