415 So.2d 883 (1982)
TAMPA MAID SEAFOOD PRODUCTS and Wausau Insurance Companies, Appellants,
v.
Carol V. PORTER, Appellee.
No. AH-130.
District Court of Appeal of Florida, First District.
June 28, 1982.
*884 Ivan Matusek, St. Petersburg, for appellants.
Susan R. Whaley, of Macfarlane, Ferguson, Allison & Kelly, Tampa, and William D. Douglas, of Hamilton & Douglas, P.A., Tampa, for appellee.
WIGGINTON, Judge.
The employer/carrier appeal the order of the deputy commissioner finding that claimant, on March 26, 1981, suffered a compensable accident, arising out of and in the course of her employment, when she was injured during working hours on the employer's premises by a fellow employee. We affirm.
Claimant is a twenty-two year old woman who at the time of her injury was employed by Tampa Maid Seafood Products to peel shrimp. Both claimant and a co-employee, Erma Campbell, were romantically involved with a third co-employee, Donald Fields. Claimant and Campbell had no other personal relationship outside their work together, and all three initially met through their employment at Tampa Maid Seafood Products.
During lunch hour, on March 25, 1981, claimant informed Campbell of her relationship with Fields. Although Campbell admitted at the time of this conversation that she was not upset, she left work early to avoid any further confrontations with claimant. On the following morning, the date of the accident, Campbell noticed a number of co-employees going from table to table "gossiping." When she discovered that the rumors involved claimant and herself, she confronted claimant, brandishing a knife supplied by the employer for peeling shrimp. An altercation ensued, with Campbell ordering claimant to keep her name out of the gossip. Claimant reached out to Campbell who threw up her hand, allegedly to avoid being hit. The women launched into a fist fight during which Campbell stabbed claimant in her side and sliced her hand across the knuckles. Claimant later testified that she had never been involved in a dispute with Campbell before and had been under the impression that, despite the love triangle, Campbell did not harbour any feelings of animosity toward her.
First, we agree that claimant was not the aggressor. This, however, is not the deciding factor for there remains the question of whether the stabbing arose out of the employment. The determinative legal principles are set forth in San Marco Company, Inc. v. Langford, 391 So.2d 326 (Fla. 1st DCA 1980), quoting from Professor Larson[1] in his treatment of the subject:
When the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test.
* * * * * *
When it is clear that the origin of the assault was purely private and personal, and that the employment contributed nothing to the episode, whether by engendering or exacerbating the quarrel or *885 facilitating the assault, the assault should be held noncompensable even in states fully accepting the positional-risk test, since that test applies only when the risk is "neutral."
391 So.2d at 326-327.
Although in San Marco the above rule as applied to the facts worked to deny the claimant compensation,[2] in the instant case, the deputy correctly determined that there were several circumstances which removed it from the above rule:
The dispute culminating in the assault was exacerbated by the employment because of the close proximity between the claimant and her assailant; the relationship between them and Mr. Fields originated at work; and the knife used in the assault was used at work, thus "facilitating the assault." It was not merely fortuitous that the assault occurred on the premises of the employer. Finally, there is no question that the claimant was not the aggressor.
Thus, by facilitating an assault which would not otherwise have been made, the employment became a contributing factor. Campbell became incensed over the gossip which, in all respects, is a beast native to the work place. In short, the "tormentor was an established fixture of the employment environment."[3]
We agree with the deputy that claimant's injury arose out of and in the course and scope of her employment. Therefore, the deputy's award of temporary total disability compensation, medical expenses, attorney's fees and costs is AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] 1 A. Larson, The Law of Workmen's Compensation, § 11.21 (1978).
[2] In San Marco, the fact that the assault occurred at the work site was strictly fortuitous. Chances were that the assailant would not have ceased searching for the claimant beyond the work place, i.e., the assault was inevitable, without regard to the employment. See 1 A. Larson, The Law of Workmen's Compensation, §§ 11.00 and 11.21.
[3] Hartford Accident & Indemnity Company v. Cardillo, D.C. Cir., 112 F.2d 11 (1940), cert. denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415 (1940). As Justice Rutgers so astutely observed in the leading case of Cardillo: "[W]ork places men under strain and fatigue from human and mechanical impacts creating frictions which explode in myriads of ways, only some of which are immediately relevant to their tasks. Personal animosities [created] ... outside the job are magnified to the breaking point by its compelled contacts."