427 So.2d 1065 (1983)
Vickie BROWN and Lester Paul Brown, Appellants,
v.
WINN-DIXIE MONTGOMERY, INC., Appellee.
No. AL-219.
District Court of Appeal of Florida, First District.
March 9, 1983.
Michael Wm. Mead, Fort Walton Beach, for appellants.
Kenneth G. Mall, Mary Esther, Frank C. Bozeman, Peter W. Zinober and John P. McAdams of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
MILLS, Judge.
The Browns appeal the dismissal of their action for damages against Winn-Dixie. We affirm in part and reverse in part.
For the purposes of this appeal, the facts are assumed to be as alleged by the Browns. Vickie Brown was an employee of Winn-Dixie. While at work, she was subjected to a fondling episode by her supervisor, Jack Blaich. Blaich has been involved in such episodes before without being disciplined by Winn-Dixie. Blaich was not disciplined following this episode either. The episode caused the Browns emotional distress.
The Browns assert a cause of action against Winn-Dixie for the intentional torts of battery and infliction of emotional distress. Winn-Dixie has not challenged the existence of a cause of action for battery based on these facts nor whether these facts can support a finding of intent on the emotional distress claim. It has challenged the allegation of egregious misconduct. The trial court did not rule on this issue. We cannot review a decision that was not made.
Winn-Dixie moved for summary judgment asserting that this action was preempted by the Civil Rights Act of 1964 and Florida's Human Rights Act. The court properly denied this motion. There is no merit in the claim of preemption, see Garner v. Florida Commission on Ethics, 415 So.2d 67 (Fla. 1st DCA 1982). These acts supplement rather than supplant existing *1066 remedies, Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).
Winn-Dixie successfully moved for summary judgment based on the exclusivity of Brown's workers' compensation remedies. We do not find that Brown had a workers' compensation remedy and therefore reverse.
The important fact is that the Browns alleged an intentional tort by the employer. We are aware of no case which has found an intentional battery by the employer to be compensable. The recent case of Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1982), dealt with a battery by an employer. That case turned on the estoppel of further claims by acceptance of compensation benefits. The related compensation litigation was not appealed. A number of recent cases of this Court have found assaults by co-employees to be compensable when the employment contributes to the risk or to the completion of the assault. See Tampa Maid Seafood Co. v. Porter, 415 So.2d 883 (Fla. 1st DCA 1982). No intentional misconduct by the employer was present in these cases.
Traditionally, workers' compensation has operated to "improve" the law of negligence in the industrial setting. Acton v. Ft. Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982). There does not seem to be any improvement worked or intended on the law of intentional torts. We conclude that a battered employee is entitled to bring an action against an employer and to attempt to prove that the battery was intended by the employer.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
ERVIN, J., concurs.
PEARSON, TILLMAN (Ret.), Associate Judge, dissents with opinion.
PEARSON, TILLMAN (Retired), Associate Judge, dissenting.
I respectfully dissent because I believe that the distinction drawn between this appeal and that decided in Tampa Maid Seafood Products v. Porter, 415 So.2d 883 (Fla. 1st DCA 1982), is too fine to be workable. Here the assault upon the employee, Vickie Brown, is held not to be within the scope of the Workers' Compensation Law because it was an intentional battery by the employer. The supervisor co-worker is equated with the employer-corporation. In Tampa Maid, the intentional battery is that of a co-worker. There, the court held that an intentional assault was compensable under the act because the employment was a contributing factor. I think that is the proper test.
It should be pointed out that such a holding would in no way release the supervisor, Blaich, of his common law tort liability.