PER CURIAM.
This is an appeal by plaintiff from a summary final judgment entered by the Circuit Court of Dade County in favor of the defendant.
The plaintiff’s complaint sought damages for injuries sustained in a fall on a staircase while she was a business invitee on the premises of the Miami Heart Institute, due to the Institute’s alleged negligence. In its answer, the Heart Institute alleged, inter alia, the affirmative defense of immunity from suit since Workers’ Compensation was the exclusive remedy for plaintiffs injury because she was an employee of the Heart Institute at the time of her injury. Plaintiff took the position that she was the employee of the Miami Heart Institute Credit Union and not the Miami Heart Institute. She insists that this is true, notwithstanding the evidence adduced that she applied to the Heart Institute for the position she held, received her paychecks from it and accepted Workers’ Compensation benefits for her injuries from the Heart Institute’s insurance carrier.
Based upon the evidence before him, the trial judge ruled that the plaintiff was not entitled to maintain her action for negligence against the Miami Heart Institute and that it was entitled to a summary final judgment as a matter of law. We agree and affirm the judgment appealed. Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1982); Sullivan v. Liberty Mutual Insurance Co., 367 So.2d 658 (Fla. 4th DCA), cert. denied, 378 So.2d 350 (Fla.1979); Matthews v. G.S.P. Corp., 354 So.2d 1243 (Fla. 1st DCA 1978); Hamilton v. Shell Oil Co., 233 So.2d 179 (Fla. 4th DCA), cert. denied, 237 So.2d 762 (Fla.1970); Grice v. Suwannee Lumber Manufacturing Co., 113 So.2d 742 (Fla. 1st DCA 1959); sections 440.10, 440.-11(1), Florida Statutes (1979).
Affirmed.