EDWARDS, Judge.
By writ, No. 83-KH-2575, the Supreme Court, 444 So.2d 1215, has remanded this case to this court for reconsideration of our patent error ruling in light of State v. Williams, 439 So.2d 387 (La.1983). In Williams, the Supreme Court reversed this court’s remand and reinstated the trial court’s prison sentence. The Supreme Court said that because LSA-R.S. 14:52 sets only a maximum fine, and not a minimum, the imposition of a prison sentence without a fine is not illegal. The court went on to say that increasing a lawful sentence chills the right to appeal.
We disagree with the Supreme Court’s interpretation of LSA-R.S. 14:52. The second paragraph of that statute provides for a mandatory imposition of both a fine and imprisonment where the damage caused by the arson is $500.00 or more:
“Whoever commits the crime of simple arson, where the damage done amounts to five hundred dollars or more, shall be fined not more than fifteen thousand dollars, and imprisoned at hard labor for not less than two years nor more than fifteen years.” (Emphasis added.)
If the damage done is less than $500.00, then the trial judge has the discretion to impose either a fine not more than $2500.00 or imprisonment or both:
“Where the damage is less than five hundred dollars, the offender shall be fined not more than twenty five hundred dollars or imprisoned for not more than five years, or both.”
Id., paragraph 3. (Emphasis added.)
Under a genuine construction (see LSA-R.S. 14:3) of that statute, a trial court is required to impose both a fine and a prison term. He may within his discretion suspend the sentence of either or both under LSA-C.Cr.P. art. 892.1 C.
Although we disagree with the Supreme Court’s interpretation of LSA-R.S. 14:52, we must abide by that court’s rulings. We therefore recall and vacate our previous order to remand, 434 So.2d 11, and reinstate the district court’s original sentence.