454 So.2d 52 (1984)
Michael SULLIVAN, Individually and As Personal Representative of the Estate of Suzanne Sullivan, His Deceased Wife, Appellant,
v.
ATLANTIC FEDERAL SAVINGS & LOAN ASSOCIATION, and Donald Streeter, Individually, Appellees.
No. 83-1913.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
Rehearing Denied September 7, 1984.
*53 Judith M. Korchin and Talbot D'Alemberte of Steel, Hector & Davis, Miami, for appellant.
Albert P. Massey, III, of Pyszka & Kessler, P.A., Fort Lauderdale, for appellee Atlantic Federal Sav. & Loan Ass'n.
HURLEY, Judge.
Michael Sullivan, individually and as personal representative for the estate of his deceased wife, sued Atlantic Federal Savings & Loan Association (Atlantic Federal), alleging that its negligent failure to provide adequate security at its bank proximately caused the death of Mrs. Sullivan. In addition, he requested damages for the intentional tort of assault and battery. The trial court entered final summary judgment in favor of Atlantic Federal. We affirm.
Mrs. Sullivan was employed as the bank manager at Atlantic Federal's branch office in Davie. Armed robberies occured there on October 13, 1981, and June 1, 1982. On the latter occasion, the robber escaped after threatening to return and kill Mrs. Sullivan. Despite repeated requests by bank employees for improved security, Atlantic Federal refused to provide security guards to protect the premises. On July 23, 1982, the same robber returned to the Davie branch and, in the course of the robbery, he shot and killed Mrs. Sullivan.
The threshold question we must consider is whether plaintiff's wrongful death claim is barred by the exclusivity provision of the Florida Workers' Compensation Law, section 440.11(1), Florida Statutes (1983). Plaintiff maintains that an employer may be held liable in tort to its employees, notwithstanding any exclusivity provision in the Workers' Compensation Law, where the injury alleged resulted from a breach of duty owed to the employee independent of the employer-employee relationship. Plaintiff's theory, commonly referred to as the "dual capacity doctrine," has found limited acceptance in other jurisdictions, but has not yet been embraced by Florida courts. We need not confront the issue today because application of the doctrine is clearly inappropriate under the facts of this case.
The dual capacity doctrine has generally been confined to situations where an employer has taken on a truly separate role with respect to the employee, such as where an employer acts as a manufacturer of a defective product distributed for the purchase or use by the general public, see, e.g., Mercer v. Uniroyal, Inc., 49 Ohio App.2d 279, 361 N.E.2d 492 (1976), or where an employee sues the employer for medical malpractice for injuries sustained as a patient in a facility open to the public. See, e.g., D'Angona v. County of Los Angeles, 27 Cal.3d 661, 613 P.2d 238, 166 Cal. Rptr. 177 (1980); Guy v. Arthur H. Thomas Co., 55 Ohio St.2d 183, 378 N.E.2d 488 (1978). In contrast, attempts by employees to hold their employers liable for injuries resulting from an employer's maintenance of unsafe premises have generally been rejected on the rationale that an employer's *54 duty to provide a safe work place is inseparable from its general duties as an employer. See, e.g., Royster v. Montanez, 134 Cal. App.3d 362, 184 Cal. Rptr. 560 (1982); Holzworth v. Fuller, 122 N.H. 643, 448 A.2d 394 (1982); Gore v. Amoco Production Co., 616 S.W.2d 289 (Tex.Civ.App. 1981); Stone v. United States Steel Corp., 384 So.2d 17 (Ala. 1980).
We conclude that this case falls within the latter category of cases, where application of the doctrine would undermine the policy sought to be achieved by the Workers' Compensation Law. Therefore, we refuse to apply the doctrine here and affirm the entry of summary judgment in favor of Atlantic Federal on the wrongful death claims. See Doe v. St. Michael's Medical Center, 184 N.J. Super. 1, 445 A.2d 40 (1982) (holding that Workers Compensation statute barred suit of medical technologist who was allegedly raped and robbed in dormitory room which she rented from the hospital at which she was employed); see also Katchis v. Miami Heart Institute, Inc., 434 So.2d 11 (Fla.3d DCA 1983); McDaniel v. Sheffield, 431 So.2d 230 (Fla.1st DCA), petition for rev. denied, 440 So.2d 352 (Fla. 1983); Davis v. Sun First National Bank of Orlando, 408 So.2d 608 (Fla. 5th DCA 1981), petition for rev. denied, 413 LSo.2d 875 (Fla. 1982) (upholding dismissal of negligence claim against Bank based on its alleged failure to provide adequate security, reasoning that even if properly alleged, claim would be barred by exclusivity provision of Florida Workers' Compensation Law).[1]
We further conclude that the plaintiff's intentional tort claim was properly disposed of by the trial court. In his amended complaint, plaintiff alleged in pertinent part that:
The decision by Atlantic ... not to provide any reasonable adequate security measures at the Davie Branch was made with conscious knowledge that such a decision would expose Suzanne Sullivan to certain harm, which was likely to result in personal injury or death caused by an armed robber... . In the alternative, the decision by Atlantic ... not to provide any reasonable adequate security measures at the Davie Branch was made with willful, wanton and reckless indifference to the fact that Suzanne Sullivan would thereby be exposed to certain harm, including but not limited to personal injury or death caused by an armed robber. Such conduct demonstrates a willful and wanton and reckless indifference by Atlantic ... to the rights of Suzanne Sullivan, including but not limited to her right to life. Such conduct is so egregious as to constitute an intentional tort.
We are aware that the element of intent in civil assault does not necessarily involve a subjective desire to do harm, see Spivey v. Battaglia, 258 So.2d 815 (Fla. 1972), but nevertheless conclude that the complaint fails to state a cause of action because assault and battery cannot be premised upon an omission or failure to act.
An "assault" is an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril. See Lay v. Kremer, 411 So.2d 1347 (Fla. 1st DCA 1982). Thus, it must be premised upon an affirmative act  a threat to use force, or the actual exertion of force. Similarly, a battery consists of the intentional infliction of a harmful or offensive contact upon the person of another, see Chorak v. Naughton, 409 So.2d 35 (Fla. 2d DCA 1981), but
[t]he defendant must have done some positive and affirmative act ... which *55 must cause, and must be intended to cause, an unpermitted contact. Mere negligence, or even recklessness which only creates a risk that the contact will result, may afford a distinct cause of action in itself, but under modern usage of the term it is not enough for battery.
W. Prosser, Law of Torts, § 9, at 35-36 (4th ed. 1971). Because the complaint in this case purports to establish the intentional tort of assault and battery on the basis of an omission, it is insufficient as a matter of law to state a cause of action against Atlantic Federal.
Therefore, even assuming that the exclusivity provision of the Workers' Compensation Law is no bar to an intentional tort claim brought by an injured employee against his employer, see Brown v. Winn-Dixie Montgomery, Inc., 427 So.2d 1065 (Fla. 1st DCA 1983); Blankenship v. Cincinnati Milacron Chemicals, Inc., 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), cert. denied, 459 U.S. 857, 103 S.Ct. 127, 74 L.Ed.2d 110 (1982), a point we need not decide today, we hold that summary judgment properly entered in favor of Atlantic Federal on the intentional tort claim.
AFFIRMED.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] Other cases relied on by plaintiff do not suggest a different result. In Sheedy v. Vista Properties, Inc., 410 So.2d 561 (Fla. 4th DCA), petition for rev. denied, 419 So.2d 1201 (Fla. 1982) and State ex rel. Auchter Co. v. Luckie, 145 So.2d 239 (Fla. 1st DCA), cert. denied, 148 So.2d 278 (Fla. 1962) negligence suits against landowners were permitted on ground that the defendants were not statutory employers. Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983) is likewise inapposite because in Pfeifer, the collateral tort suit brought by an injured longshoreman against his employer was expressly authorized by federal statute.