476 So.2d 311 (1985)
Andrew CARNEGIE, Appellant,
v.
PAN AMERICAN LINEN, and Fred S. James & Co. of Florida, Inc., Appellees.
No. BC-8.
District Court of Appeal of Florida, First District.
October 10, 1985.
Stephen L. Rosen, and Scott B. Gorman, of Morris & Rosen, Tampa, for appellant.
Wendell J. Kiser, of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which a claim for benefits was denied upon a determination that claimant's injuries were sustained in a personal altercation. We find that the deputy did not adequately consider the full criteria for the compensability of such injuries, and we therefore reverse the order appealed and remand the cause for further consideration.
Claimant was injured during an at-work altercation which involved a female co-worker with whom claimant had been romantically involved. Although the relationship had apparently ceased and the two had not spoken for approximately one month, upon arriving at work on the day of the altercation claimant was confronted by the co-worker regarding the termination of the relationship. Various witnesses presented conflicting evidence as to the precise circumstances of the altercation. However, it was generally established that a fracas ensued between claimant and the co-worker *312 who armed herself with one of several knives available on the premises. The co-worker's sister, who was also employed there, participated in the altercation to some extent, and a company foreman entered the struggle in an attempt to quell the disturbance. During the course of the altercation claimant sustained a knife wound.
At the conclusion of the hearing the deputy stated that "I am not going to try to sort out the conflict of who was the aggressor because there is just too much conflict... ." The deputy then indicated that he would deny the claim, and an order was subsequently entered which found claimant's altercation with the co-worker to be "purely personal." The order further expressed the conclusion that it was thus unnecessary to consider whether claimant or the co-worker had been the aggressor, and the claim was denied.
In circumstances where the work place is merely the fortuitous site of a personal assault which is purely private in origin, and the employment does not otherwise impact the altercation, compensation benefits are properly denied even if the claimant is not the aggressor since the resulting injuries would not arise out of the employment. See generally, Tampa Maid Seafood Products v. Porter, 415 So.2d 883 (Fla. 1st DCA 1982). It was thus held that such claims should be denied in Ivy H. Smith Co. v. Wingo, 404 So.2d 1118 (Fla. 1st DCA 1981), and San Marco Co. Inc. v. Langford, 391 So.2d 326 (Fla. 1st DCA 1980). However, Tampa Maid further establishes that compensation may be appropriate for injuries which result from a personal altercation if the employment is in some way a contributing factor.
In the present case the deputy concluded that claimant's employment neither exacerbated nor contributed to the injurious altercation, and distinguished Tampa Maid as a situation involving an altercation precipitated by "gossip in the plant." While such gossip was a significant factor in the Tampa Maid decision, the court there focused on other matters as well, including the circumstance that the employment placed the workers in close proximity, that the personal relationships originated at work, and that a knife used in the assault was an implement of the employment. The present case involves similar circumstances. As was recognized in Hartford Accident & Indemnity Co. v. Cardillo, 112 F.2d 11 (D.C. Cir.1940), cert. denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415 (1940), cited with approval in Tampa Maid,
... work places men under strain and fatigue from human and mechanical impacts creating frictions which explode in myriads of ways, only some of which are immediately relevant to their tasks. Personal animosities are created by working together... . Others initiated outside the job are magnified to the breaking point by its compelled contacts. No worker is immune to these pressures... .
In the present case the work place was not merely the fortuitous location of an otherwise inevitable personal assault. Rather, the work environment directly impacted the altercation and the employment was thus a contributing factor which facilitated the assault. The deputy therefore erred in denying the claim solely upon a determination that the origin of the dispute was personal in nature, without resolving the various material conflicts in the evidence including the question as to which worker was the aggressor in the altercation.[1]
The order appealed is accordingly reversed and the cause remanded.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 440.09(3), Florida Statutes, provides that no compensation shall be payable "if the injury was occasioned primarily ... by the willful intention of the employee to injure ... another." The so-called "aggressor doctrine" has been long recognized in Florida as a general standard and decisional definition of willful intent to injure. See e.g., Tucker Taxi Inc. v. Schofield, 107 So.2d 188 (Fla. 1st DCA 1958); see also Lorie v. Yale Ogron Manufacturing Co., 7 FCR 364 (1973), cert. denied 277 So.2d 286 (Fla. 1973); American International Land Corp. v. May, IRC Order 2-3404 (1978), cert. dismissed 372 So.2d 466 (Fla. 1979); Cutler v. Sterling Hotel, IRC Order 2-2195 (1977).