[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12882
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-14455-RLR

ROSANA BOULHOSA NASSAR,

Plaintiff - Appellant,

versus

EDUARDO BOULHOSA NASSAR,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this diversity action, Rosana Nassar ("Plaintiff"), proceeding pro se, appeals the district court's dismissal of her amended complaint against her brother, Eduardo Nassar ("Defendant"). In her complaint, Plaintiff purported to assert claims under Florida common law for intentional infliction of emotional distress ("IIED") and for assault. No reversible error has been shown; we affirm.[*]

Briefly stated, this civil action arises out of Defendant's alleged hiring of security officers and private investigators to surveil Plaintiff. According to Plaintiff, Defendant seeks revenge against Plaintiff after Plaintiff published a book in which she described being sexually abused by Defendant when Plaintiff was a child. Defendant's alleged surveillance of Plaintiff has resulted in a series of civil actions.

In the amended complaint underlying this case, Plaintiff alleged these facts. On 21 occasions between October 2016 and July 2018, a licensed security officer

---

[*] Plaintiff has moved this Court to take judicial notice of evidence not in the record before the district court: a transcript from a separate judicial proceeding. This evidence, however, has no bearing on whether Plaintiff's amended complaint in this case contained factual allegations sufficient to state a claim for relief. Accordingly, supplementation of the record on appeal is unwarranted. We DENY Plaintiff's motion for judicial notice.

2

hired by Defendant followed Plaintiff as Plaintiff drove to and from home, work, and doctors' offices -- sometimes for long distances. Each episode involved a different security officer or private investigator whom Plaintiff has identified by name and license number. On one occasion, a security officer used his cell phone to take a picture of Plaintiff. On another occasion, a female security officer approached Plaintiff's car and looked inside at Plaintiff.

Plaintiff alleged the surveillance caused her to feel frightened, apprehensive, overwhelmed, and "stressed out while driving." The trauma Plaintiff experienced after each surveillance episode interfered with Plaintiff's ability to perform her job. Plaintiff says Defendant ordered the surveillance with the intent to make Plaintiff's life a "living nightmare."

The district court dismissed with prejudice Plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. This appeal followed.

I.

On appeal, Plaintiff first contends that -- because Defendant moved to dismiss the IIED claim in her initial complaint only on res judicata grounds --

Defendant waived the argument that Plaintiff failed to state a claim for IIED. Plaintiff says the district court thus erred in dismissing her amended complaint's IIED claim for failure to state a claim. We disagree.

To the extent Plaintiff seeks to challenge the district court's dismissal of her <u>initial</u> complaint, that argument is not properly before us on appeal. Generally speaking, an amended pleading supersedes the original pleading; and the original pleading is considered abandoned. <u>See Pintando v. Miami-Dade Hous. Agency</u>, 501 F.3d 1241, 1243 (11th Cir. 2007). By filing an amended complaint in this case, Plaintiff abandoned her initial complaint. In addition -- given Plaintiff's present amended pleading -- the district court's order dismissing without prejudice Plaintiff's initial complaint is no final and appealable order. <u>See Van Poyck v. Singletary</u>, 11 F.3d 146, 148 (11th Cir. 1994) (stating that "an order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment.").

We also reject Plaintiff's argument about waiver. In moving to dismiss Plaintiff's amended complaint (the operative complaint in this case), Defendant did argue that Plaintiff failed to state a claim for IIED.

II.

We review de novo a district court's dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff.  See Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012).  We construe liberally pro se pleadings.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  To state a plausible claim for relief, a plaintiff must go beyond pleading merely the "sheer possibility" of unlawful activity by a defendant and must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. In other words, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678.

5

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (quotations and alteration omitted).

To state a cause of action for IIED under Florida law, Plaintiff must allege facts establishing (1) conduct that was intentional or reckless, (2) that the conduct was outrageous, (3) that the conduct caused emotional distress, and (4) that the emotional distress was severe. See Deauville Hotel Mgmt., LLC v. Ward, 219 So. 3d 949, 954-55 (Fla. Dist. Ct. App. 2017). Outrageous conduct means conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985) (citing Restatement (Second) of Torts § 46 (1965)). "It is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice'. . .." Id. at 278. "What constitutes outrageous conduct is a question that must be decided as a matter of law." Deauville Hotel Mgmt., LLC, 219 So. 3d at 955.

Here, the district court committed no error in concluding that Plaintiff failed to state a claim for IIED. Accepting the allegations in the complaint as true and construing them in Plaintiff's favor, Plaintiff failed to allege facts demonstrating

6

conduct that is sufficiently outrageous.  Plaintiff alleged that security officers followed her by car 21 times over an almost 2-year span.  On one occasion, a security officer looked inside Plaintiff's car; and, on another occasion, a security officer took a picture of Plaintiff.  Never did Plaintiff allege that the security officers actively threatened Plaintiff either physically or verbally.  Apart from a female security officer who looked inside Plaintiff's car, Plaintiff makes no allegation that a security officer approached or spoke to Plaintiff.

Even if we accept Plaintiff's allegation that Defendant hired the security officers and ordered this pattern of surveillance with the intent to make Plaintiff's life "a living nightmare," Defendant's purported evil intent is not enough.  See McCarson, 467 So. 2d at 278.  As a matter of Florida law, the conduct alleged by Plaintiff does not rise to the level of outrageousness necessary to state a claim for IIED.  See Diamond v. Rosenfeld, 511 So. 2d 1031, 1034-36 (Fla. Dist. Ct. App. 1987) (concluding defendants' conduct was not sufficiently "outrageous" where defendants engaged in a pattern of harassment to make plaintiffs' lives "as miserable as possible," including (1) threatening to shoot plaintiffs' dog, (2) making anti-Semitic remarks directed at plaintiffs, (3) falsely accusing one plaintiff of attempted rape, (4) making repeated threatening and/or harassing phone calls to

plaintiffs, (5) cursing plaintiffs and their children, and (6) directing prayers against plaintiffs).

The district court also committed no error in concluding that Plaintiff failed to state a claim for assault. The tort of "assault" involves "an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril." See Sullivan v. Atl. Fed. Sav. & Loan Ass'n, 454 So. 2d 52, 54 (Fla. Dist. Ct. App. 1984). An assault requires "an affirmative act -- a threat to use force, or the actual exertion of force." Id.

Plaintiff alleged that a "high probability" existed that the security officers carried concealed weapons during their surveillance activities, which Plaintiff says would cause a reasonable person to fear imminent bodily harm. We are unpersuaded.

First, Plaintiff's allegation that the security officers were armed is entirely speculative and devoid of factual support. Moreover, that a security officer might have been armed -- by itself -- is not enough to create a reasonable fear of imminent harm. Never did Plaintiff allege that she saw a weapon, that a security officer brandished a weapon at her, that a security officer threatened her safety, or

8

that a security officer spoke to her at all.  Plaintiff's factual allegations -- accepted as true and construed in her favor -- are insufficient to state a claim for assault.

The district court dismissed properly Plaintiff's amended complaint for failure to state a claim upon which relief could be granted.

AFFIRMED.