# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1101
Lower Tribunal No. 17-14161

_____

**Federico Garcia, et al.,**
Appellants,

vs.

**Milport Investors Ltd., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Disability Independence Group, Inc., and Matthew W. Dietz, for appellants.

Law Offices of Robert P. Frankel, P.A., and Robert P. Frankel (Plantation), for appellees.

Before EMAS, SCALES and BOKOR, JJ.

SCALES, J.

Appellants Federico Garcia and Tyler King, the plaintiffs below, appeal a February 17, 2021 summary judgment order and an April 28, 2021 order denying their motion for rehearing of the summary judgment order. Because the challenged orders are not final as to Garcia, we lack appellate jurisdiction to adjudicate Garcia's appeal and, therefore, dismiss the appeal as to Garcia. We affirm the trial court's final summary judgment as to King.

## I.  RELEVANT BACKGROUND

Garcia and King lived together in an apartment complex in Miami-Dade County that was owned by appellee Milport Investors Ltd. d/b/a Porta Di Oro Apartments ("Milport") and managed by appellee Saving Property Management Corporation ("Saving"). Only Garcia, though, had a written lease with Milport.

According to the operative second amended complaint, on July 17, 2015, Garcia and King went to the apartment complex's leasing office to speak with the property manager, appellee Ricardo Martin, about Garcia renewing his lease. During their discussion, a disagreement arose over Garcia's alleged disparate treatment with respect to the apartment complex's "no pets" policy. At this point, Martin "pulled out a gun from his waistband, placing it on the table in front of the plaintiffs, and told them their dog was not allowed in the building again." Martin then allegedly produced a notice to

2

vacate the property, informing Garcia that he would not get his security deposit back unless Garcia complied with the notice and moved out of the property. Appellants moved out of the apartment complex.

In June 2017, appellants filed the instant two-count action against Milport, Saving and Martin. Count I of the operative complaint alleged a claim for housing discrimination in violation of the Miami-Dade County Code. Count II alleged a common law claim for the intentional tort of assault. In each count, Garcia and Tyler were the named plaintiffs, and Milport, Saving and Martin were the named defendants.

In December 2020, appellees filed two motions for partial summary judgment, asserting that Florida's impact rule[1] precluded appellants from recovering non-economic damages in either claim. Further, appellees argued that the alleged encounter between Martin and appellants did not constitute the tort of assault because there was no allegation that Martin had threatened to cause any harm to appellants. Finally, appellees argued that,

---

[1] "Florida's impact rule provides that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact. The rule actually requires some impact on the plaintiff, or, in certain situations, the manifestation of severe emotional distress such as physical injuries or illness.'" G4S Secure Sols. USA, Inc. v. Golzar, 208 So. 3d 204, 208 (Fla. 3d DCA 2016) (quoting Fla. Dep't of Corrs. v. Abril, 969 So. 2d 201, 206 (Fla. 2007)).

at a minimum, Milport and Service could not be held vicariously liable for the alleged intentional acts of Martin.

In support of their summary judgment motions, appellees filed Martin's deposition transcript, wherein Martin gave his account of the July 17, 2015 encounter. Martin described a friendly encounter with Garcia only. According to Martin, Martin never removed his gun from his waistband in Garcia's presence, nor did he put the gun on the table in front of Garcia. Rather, Martin testified: "I had my gun, my wallet, and my cell[phone] on top of my desk when [Garcia] walked in."

Garcia filed an affidavit in opposition to appellees' motions. Among other things, Garcia attested that King and Garcia had met with Martin on July 17, 2015, and during their conversation Martin had pulled a gun from his waistband and placed it on the table. Additionally, Garcia attested as follows:

> I . . . knew Mr. Martin intended to threaten me with his gun because he was looking me straight in the eye as he pulled the gun from behind his back. As he glared into my eyes, he pointed the barrel of the gun at me and laid it on his desk. Any reasonable person would feel sub-zero chills in their stomach, as I did.
>
> . . . .
>
> He pulled the gun mid-conversation; a conversation that was cordial and respectful. I was simply asking him for a favor, hoping he would reconsider his decision. I asked him with a smile. He repaid my smile by threatening my life with a gun.

King did not file an affidavit in opposition to appellees' motions.

4

Following a hearing, the trial court granted appellees' motions, and entered the February 17, 2021 final summary judgment in favor of appellees on both of King's counts, dismissing King's claims with prejudice. With respect to Garcia, the trial court dismissed Garcia's assault claim (count II) as to Milport and Saving, but denied appellees' motions as to Garcia's housing discrimination claim (count I). Accordingly, Garcia's housing discrimination claim remains pending below as to each appellee and his assault claim remains pending as to Martin. After the trial court denied appellants' motion for rehearing, *both* Garcia and King appealed.

## II. ANALYSIS[2]

Because a portion of Garcia's claims against appellees survive and are still active, the challenged orders constitute only a partial, and not a final, judgment as to Garcia. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 562 (Fla. 3d DCA 2015). Moreover, because the partial

---

[2] This Court reviews *de novo* an order granting summary judgment. See Siegel v. Tower Hill Signature Ins. Co., 225 So. 3d 974, 976 (Fla. 3d DCA 2017). After the trial court rendered the challenged orders, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510 to adopt a new summary judgment standard. See In re Amends. to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 194-95 (Fla. 2020) (adopting the federal summary judgment standard). The revised standard, effective May 1, 2021, does not apply here as the challenged orders predate the rule's amendment. See Alvarez v. Citizens Prop. Ins. Corp., 328 So. 3d 61, 63 n.3 (Fla. 3d DCA 2021).

final judgment is not "one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims," see Fla. R. App. P. 9.110(k), we lack appellate jurisdiction to review any portion of the challenged orders as they relate to Garcia.[3]

Because, however, the challenged orders totally dispose of the entire case as to King, the challenged orders constitute a partial final judgment as to him. See Fla. R. App. P. 9.110(k). We, therefore, have jurisdiction to review those portions of the challenged orders entering final summary judgment on King's claims. Id.

The record is not entirely clear as to why the trial court entered final summary judgment on King's claim for housing discrimination (count I), dismissing that claim with prejudice. Nevertheless, because King does not challenge or make any argument with respect to the trial court's dismissal of this claim in his initial brief before this Court, the issue is deemed waived and abandoned. See Rosier v. State, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) ("For an appellant to raise an issue properly on appeal, he must raise it in the initial brief. Otherwise, issues not raised in the initial brief are considered waived or abandoned."); Teitelbaum v. S. Fla. Water Mgmt. Dist., 176 So. 3d

---

[3] We express no opinion on whether the trial court erred by entering the challenged orders as to Garcia.

998, 1005 n.3 (Fla. 3d DCA 2015) (concluding the appellants waived an issue not raised in the briefing before this Court).

With regard to King's assault claim (count II), the record is devoid of any evidence that, as a result of Martin's alleged conduct, King had been threatened or was placed in fear of imminent danger, an essential element of the intentional tort of assault. See Sullivan v. Atl. Fed. Sav. & Loan Ass'n., 454 So. 2d 52, 54 (Fla. 4th DCA 1984). Garcia's affidavit in opposition to appellees' summary judgment motion plainly asserted that Garcia was threatened, but Garcia's affidavit is silent as to whether King was threatened. Indeed, in his affidavit, Garcia attested that when Martin pulled the gun from his waistband, Martin glared menacingly at Garcia and pointed the barrel of the gun at Garcia before putting the gun on the table. No mention is made of King during this timeframe, other than that King was with Garcia during the encounter. Martin's deposition testimony effectively negated the operative complaint's unsworn allegations of King's assault claim, and, because King did not present any counter-evidence regarding the essential element of the alleged assault, summary judgment on this claim was proper. See Garbark v. Gayle, 312 So. 3d 1286, 1288 (Fla. 1st DCA 2021) ("If the moving party presents evidence sufficient to support the claimed nonexistence of a material issue, the opposing party must come forward with counter-evidence

7

sufficient to reveal a genuine issue of material fact. . . . If the opposing party fails to come forward with competent counter-evidence, the moving party is entitled to summary judgment.") (citations omitted).

Appeal dismissed in part, and affirmed in part.[4]

---

[4] We need not, and do not, decide whether the trial court properly applied Florida's impact rule or whether the trial court properly determined that Milport and Saving could not be held vicariously liable for the alleged assault. Because of our rulings, these issues are irrelevant as to King and premature as to Garcia.